NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1259

**DIONE W. DAVID**

**VERSUS**

**RICHARD G. DAVID**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 113,919
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

**APPEAL DISMISSED.**

**Ed W. Bankston**
**Attorney at Law**
**Post Office Box 53485**
**Lafayette, Louisiana  70505**
**(337) 237-4223**
**Counsel for Defendant/Appellant:**
         **Richard G. David**

**Tony Morrow**
**Annik L. Morgan**
**Attorney at Law**
**323 East University Avenue**
**Lafayette, Louisiana  70503**
**(337) 233-9515**
**Counsel for Plaintiff/Appellee:**
         **Dione W. David**

**KEATY, Judge.**

Richard G. David appeals from the trial court's granting of a temporary restraining order (TRO) in favor of Dione W. David. For the following reasons, the appeal is dismissed.

## FACTS AND PROCEDURAL BACKGROUND

Richard G. David (Appellant) and Dione W. David (David) were married on March 3, 1973, and divorced on November 6, 2009. After a trial on the partition of the community property, the trial court issued its judgment on December 12, 2011. Prior to the judgment, David sought a TRO against Appellant on October 26, 2011. The trial court granted the TRO and ordered that the TRO be effective until April 26, 2013.

In the present matter, Appellant appeals the trial court's granting of the TRO in favor of David.

## DISCUSSION

An appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

## TRO

Appellant contends the trial court erred in granting the TRO. Appellant, however, fails to cite any statutory or jurisprudential law in support of his argument. In that regard, appeals from such judgments are governed by La.Code Civ.P. art. 3612. That article provides the circumstances under which appeals may be taken for preliminary and final injunctions. However, Article 3612(A) specifically provides that, "[t]here shall be no appeal from an order relating to a

temporary restraining order." Accordingly, we have no power to consider on appeal the propriety of the trial court's judgment relating to the TRO ordering Appellant not to harass, threaten, or go within fifty (50) feet of David. *See, Guidry v. Broussard*, an unpublished decision bearing docket number 11-1287 (La.App. 3 Cir. 3/7/12). *See also, McCown v. McCown*, 93-899 (La.App. 3 Cir. 3/2/94), 634 So.2d 1249.

Appellant's remedy for having the TRO dissolved was with the trial court. More specifically, La.Code Civ.P. art. 3607, which is entitled "Dissolution or modification of temporary restraining order or preliminary injunction" provides, in pertinent part:

> An interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction, upon two days' notice to the adverse party, or such shorter notice as the court may prescribe. The court shall proceed to hear and determine the motion as expeditiously as the ends of justice may require.

Appellant did not avail himself of Article 3607, and he is prohibited by La.Code Civ.P. art. 3612 from appealing the TRO.

## CONCLUSION

Appellant has asked this court to reverse the trial court's ruling and dissolve the TRO. For the reasons discussed above, we have no power to consider on appeal the propriety of the trial court's judgment relating to the TRO. Accordingly, this appeal is dismissed.

## DECREE

This appeal is dismissed. All costs of this appeal are assessed against Richard G. David.

**APPEAL DISMISSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.